UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLORICA BULIGA,<br><br>         Plaintiff,<br><br>-against-<br><br>RUDOLPH & HELLMAN AUTOMOTIVE,<br><br>         Defendant. | Case No. 1:23-cv-07395 (JLR)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Proceeding *pro se*, Florica Buliga ("Plaintiff") has sued his employer Rudolph & Hellman Automotive ("Defendant"), seeking damages in connection with a work-site accident in England. ECF No. 1 (the "Complaint" or "Compl.") at 3, 5. Defendant moves to dismiss the Complaint. ECF No. 9 ("Br."). For the following reasons, Defendant's motion to dismiss is GRANTED.

## BACKGROUND[1]

### I. Factual History

  Defendant, a joint-venture company incorporated in the United Kingdom, operates a BMW car-manufacturing plant in Oxford, England, where Plaintiff works as a warehouse operative. Compl. at 3; ECF No. 11 ("Leeson Decl.") ¶¶ 3-4, 17. On July 20, 2021, Plaintiff

---

[1] The facts in this opinion come from several sources. The Court assumes that the Complaint's factual allegations are true for purposes of deciding the motion to dismiss. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (per curiam). The Court also exercises its discretion to consider materials outside the pleadings, including affidavits submitted by the parties, in assessing whether there is personal jurisdiction over the Defendant. *See id.* at 84 ("[I]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." (citation omitted)).

was working at the Oxford plant when a pallet in the warehouse struck his knee. Leeson Decl. ¶ 18. In connection with this "work acciden[t]," Plaintiff required a "total [knee] replacement." Compl. at 5. Facing a long waiting period for surgery in the United Kingdom, Plaintiff opted to undergo surgery in the United States in April 2022. *See* ECF No. 14 ("Opp.") at 1.

After the incident and his operation, Plaintiff requested reimbursement from Defendant for medical and other expenses incurred in connection with the incident. Leeson Decl. ¶ 19; *see* Compl. at 8 (letter from Defendant's human-resources manager acknowledging Plaintiff's request that the company pay him £40,000 as compensation for lost earnings and other expenses related to his knee-replacement surgery). Defendant declined Plaintiff's claim, stating in a June 21, 2023 letter that it would "reimburse all reasonable authorised expenses incurred by employees on behalf of the Company after approval by management with valid receipts to support all claims," but that "it is not Company policy to pay employees expenses for medical treatment." Compl. at 8.

## II.     Procedural History

Plaintiff sued Defendant on August 21, 2023. *See* Compl. In his Complaint, Plaintiff alleges that Defendant discriminated him based on his U.S. citizenship, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").[2] *Id.* at 3. He also appears to assert state-law tort claims. *See id.* at 4. For lost earnings, surgery expenses, and other medical costs in connection with his accident, Plaintiff seeks $70,000 from Defendant. *Id.* at 6; *see* Leeson Decl. ¶ 19. Plaintiff's relative hand-delivered a copy of his Summons and

---

[2] Plaintiff neither filed a discrimination claim against Defendant with the U.S. Equal Opportunity Commission nor received a Notice of Right to Sue. *See* Compl. at 6.

Complaint to Defendant's human-resources department at its Oxford address. Leeson Decl. ¶ 20.

On October 18, 2023, Defendant moved to dismiss the Complaint. ECF No. 4. That day, Defendant also served a copy of its motion on Plaintiff via mail. ECF No. 8. On November 22, 2023, the Court extended Plaintiff's deadline to respond to the motion until December 22, 2023. ECF No. 13. On December 27, 2023, Plaintiff responded to Defendant's motion. *See* Opp.

**LEGAL STANDARD**

Defendant moves to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b) for, among other things, a lack of personal jurisdiction. Br. at 1. "A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 73 (2d Cir. 2023) (per curiam) (quoting *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 167-68 (2d Cir. 2015)). Put otherwise, a plaintiff must make "legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 121 (2d Cir. 2021) (quoting *Penguin*, 609 F.3d at 35).

On a motion to dismiss for lack of personal jurisdiction, a court generally "accept[s] as true all factual claims in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Fat Brands Inc. v. Ramjeet*, 75 F.4th 118, 125 (2d Cir. 2023) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013) (per curiam)). The Court construes *pro*

3

*se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interprets them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis and citation omitted). Nonetheless, the Court's obligation "to draw the most favorable inferences" from a complaint" does not entitle it to "invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Personal jurisdiction may be either general or specific. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). General, or "all-purpose," jurisdiction allows a court to adjudicate any cause of action against the defendant, regardless of where it arose. *Id.*; *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction, on the other hand, "is available when the cause of action sued upon arises out of the defendant's activities in a state." *Brown*, 814 F.3d at 624; *see Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014); *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

"Before a court may exercise personal jurisdiction over a defendant, three requirements must be met: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles." *Schwab*, 22 F.4th at 121 (quotation marks and citation omitted). For the second requirement, excluding a "few exceptions not applicable to the case at bar, the existence of such a statutory basis is determined by the law of the state in which the court is located – here, New York." *Troma*, 729 F.3d at 218 (quotation marks and citation omitted).

Defendant disputes all three requirements for personal jurisdiction. Br. at 5-11. Regardless of whether service was proper, the Court finds the second and third requirements to be lacking.

### I. Statutory Basis

A court must have a statutory basis for asserting personal jurisdiction over each defendant based on the long-arm statute of the state in which it sits. *See Eades*, 799 F.3d at 168 ("To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, we first apply the forum state's long-arm statute." (quotation marks and citation omitted)). New York's long-arm statute provides for general and specific jurisdiction. *See* N.Y. C.P.L.R. §§ 301-02; *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015) ("There are two ways that New York exercises personal jurisdiction over non-residents: general jurisdiction pursuant to N.Y. CPLR § 301 or specific jurisdiction pursuant to N.Y. CPRL § 302." (quotation marks, ellipsis, and citation omitted)), *aff'd*, 660 F. App'x 43 (2d Cir. 2016) (summary order). The Court ultimately concludes that it lacks both types of personal jurisdiction over Defendant.

#### A. General Jurisdiction

The Supreme Court in *Daimler* set a "high bar" for finding that the exercise of general jurisdiction over an out-of-state corporation comports with due process. *Brown*, 814 F.3d at 626. A court may assert general jurisdiction over a corporation only where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919). Other than in "exceptional case[s]," a corporation is "at home" only in its state of incorporation and in the state of its principal place of business. *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 571 U.S. at 139 & n.19). Because a corporation that operates in

5

many states or countries can scarcely be deemed at home in all of them, "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how systematic and continuous, are extraordinarily unlikely to add up to an exceptional case." *Brown*, 814 F.3d at 629 (quotation marks omitted).

Defendant is at home in the United Kingdom, not in New York. It is incorporated in the United Kingdom and operates its principal place of business there. Leeson Decl. ¶¶ 3-4. Defendant is not owned by an American entity. *Id.* ¶¶ 3, 5. It does not conduct business in New York. *Id.* ¶¶ 6, 8. Defendant has no facilities, assets, or employees in New York. *Id.* ¶¶ 7, 11-13. In short, Defendant has no connection to New York whatsoever, let alone those that would create an "exceptional case" "so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler*, 571 U.S. at 139 & n.19); *see Daimler*, 571 U.S. at 139 (no general personal jurisdiction over German corporation in California where the corporation was neither incorporated nor had its principal place of business there). Therefore, Defendant is not subject to general jurisdiction in New York.

### B. Specific Jurisdiction

New York's long-arm statute permits a court to exercise specific personal jurisdiction over a non-domiciliary who, subject to certain exceptions: "(1) transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) commits a tortious act within the state; (3) commits a tortious act outside the state but injures a person or property in the state; or (4) owns, uses, or possesses any real property in the state." *Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, --- F. Supp. 3d ----, 2023 WL 6214909, at *4 (S.D.N.Y. Sept. 25, 2023) (citation omitted); *see* N.Y. C.P.L.R. § 302(a).

Each of the statutory bases for exercising specific personal jurisdiction under the New York long-arm statute, N.Y. C.P.L.R. § 302(a), is unavailing. A court can exercise jurisdiction over a defendant under Section 302(a)(1) if the defendant transacts any business in New York and the plaintiff's cause of action arises from such a business transaction. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007); *accord D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1176 (N.Y. 2017). As stated above, Defendant does not transact business in New York, *see* Leeson Decl. ¶¶ 6-14, and Plaintiff does not allege otherwise.

Under Section 302(a)(2), a court can exercise personal jurisdiction only where the defendant committed a tortious act while physically present in New York. *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 29 (2d Cir. 1997) ("The acts giving rise to [plaintiff's] lawsuit . . . were performed by persons physically present in Missouri and not in New York. Even if [the plaintiff] suffered injury in New York, that does not establish a tortious act in the state of New York within the meaning of § 302(a)(2)."); *Platt Corp. v. Platt*, 217 N.E.2d 134, 135 (N.Y. 1966) ("The failure of a man to do anything at all when he is physically in one State is not an act done or committed in another State" that would "fall literally within [§ 302(a)(2).]" (quotation marks omitted)). Plaintiff does not allege that Defendant committed a tortious act within New York. All of the acts underlying his Complaint occurred at the work site in Oxford, England. *See* Compl. at 3, 5.

Section 302(a)(3) permits, in relevant part, a New York court to exercise personal jurisdiction over a "non-domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state." "Courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which

7

caused the injury." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (brackets, quotation marks, and citation omitted). "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* (brackets and citation omitted). Here, the original event that caused the injury took place in the United Kingdom, not in New York. Compl. at 3, 5; Leeson Decl. ¶ 18. Thus, there is no personal jurisdiction under C.P.L.R. § 302(a)(3).

Finally, Section 302(a)(4) is inapplicable because Plaintiff does not allege that Defendant owns, uses, or possesses any real property in New York from which his claims could arise. *See, e.g.*, *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 390 (E.D.N.Y. 2015) (no basis for personal jurisdiction under C.P.L.R. § 302(a)(4) where plaintiff does not allege any relationship between the defendant's New York property and the cause of action); *Lancaster v. Colonial Motor Freight Line, Inc.*, 581 N.Y.S.2d 283, 288 (1st Dep't 1992) (allegation that defendants owned property in New York, even if true, insufficient without showing "a relationship between the property and the cause of action sued upon"). For all these reasons, the Court holds that Defendant is not subject to specific personal jurisdiction in New York as to this case.

**II.   Due Process**

Alternatively, the Court holds that the exercise of personal jurisdiction over Defendant would not "comport with constitutional due process principles." *Schwab*, 22 F.4th at 121 (citation omitted); *see Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 130-31 (S.D.N.Y. 2021) (after holding that Section 302(a) did not support exercising personal jurisdiction, holding in the alternative that exercising personal jurisdiction would violate due process).

"[D]ue process demands that each defendant over whom a court exercises jurisdiction have some 'minimum contacts with the forum such that the maintenance of the suit does not

8

offend traditional notions of fair play and substantial justice.'" *Schwab*, 22 F.4th at 121 (brackets omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  As described above, Defendant has little connection to New York beyond the fact that Plaintiff lives there now and may have received surgery in New York for a work-related accident.  *See* Compl. at 2; Opp. at 1.  Plainly no "meaningful connection" exists in this case between New York and Defendant's "suit-related conduct."  *Karoon v. Credit Suisse Grp. AG*, No. 15-cv-04643 (JPO), 2016 WL 815278, at *4 (S.D.N.Y. Feb. 29, 2016); *see Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.").  Accordingly, even if New York's long-arm statute permitted the Court to exercise jurisdiction, due process would prevent it.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.  Because the Court dismisses the Complaint for lack of personal jurisdiction, its dismissal is without prejudice to refiling in a jurisdiction in which Defendant may be subject to personal jurisdiction.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice." (citation omitted)).  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 10 and to close the case.  The Clerk of Court is further directed to mail a

copy of this Order to Plaintiff and to amend Plaintiff's name in the caption of this case to "Florica Buliga."

Dated: April 22, 2024
       New York, New York

                                        SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge